IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01807-BNB

NORMAN W. BRUCE,

Applicant,

v.

BLAKE DAVIS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 4 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Norman W. Bruce is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary at Beaumont, Texas. Mr. Bruce was incarcerated at the Federal Correctional Institution at Englewood, Colorado, when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court must construe the application liberally because Mr. Bruce is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Bruce asserts two claims for relief in the habeas corpus application. He first claims that his sentence is illegal and that he is actually innocent because the statute pursuant to which he was convicted and sentenced is not valid. Mr. Bruce was

convicted and sentenced in the United States District Court for the District of Nebraska. Mr. Bruce's second claim challenges the method the BOP uses to calculate the amount of good conduct time credits that are applied to an inmate's sentence.

The Court first will address Mr. Bruce's actual innocence claim in which he challenges the validity of his conviction and sentence. On October 1, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Bruce to show cause why the claim challenging the validity of his conviction and sentence should not be dismissed because that claim must be raised in the sentencing court pursuant to 28 U.S.C. § 2255. On November 24, 2008, Mr. Bruce filed his response to Magistrate Judge Boland's show cause order. Mr. Bruce argues in his response that the remedy available pursuant to § 2255 in the sentencing court is inadequate and ineffective because he did not challenge his guilty plea on direct appeal and now is procedurally barred from raising his actual innocence claim in the sentencing court.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365,

2

366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, if the sentencing court refuses to consider the § 2255 motion or inordinately delays consideration of the § 2255 motion, or if the sentencing court is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001).

Mr. Bruce does not allege the existence of any circumstances that would demonstrate the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective. In fact, he does not allege that he has made any effort to seek relief in the sentencing court. However, even assuming Mr. Bruce has sought and been denied relief pursuant to § 2255 in the sentencing court, that fact alone would not

3

mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673.

Mr. Bruce's argument that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective because the claim is procedurally defaulted lacks merit. Mr. Bruce's failure to raise on direct appeal a claim that was available to him at that time does not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. Furthermore, Mr. Bruce's argument that he is actually innocent is not based on retroactive application of a Supreme Court case that would demonstrate his actual innocence. Therefore, Mr. Bruce's claim challenging the validity of his conviction and sentence will be dismissed because he has an adequate and effective remedy for that claim in the sentencing court.

Mr. Bruce's claim challenging the BOP's method of calculating good conduct time credits properly may be raised in this habeas corpus action because that claim challenges the execution of his sentence. Mr. Bruce argues that the BOP's method of calculating good conduct time credits violates 18 U.S.C. § 3624(b), the statute governing good conduct time credits, because the BOP's method calculates good conduct time credits based on the amount of time an inmate actually serves and not the length of the sentence imposed. The same claim has been considered and rejected by the United States Court of Appeals for the Tenth Circuit. *See Wright v. Federal Bureau of Prisons*, 451 F.3d 1231 (10th Cir. 2006). Therefore, the Court finds that this claim also lacks merit and that the application must be denied. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 3 day of Dec., 2008.

BY THE COURT:

/s/ Zita Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01807-BNB

Norman W. Bruce
Reg. No. 29762-013
USP - Beaumont
PO Box 26030
Beaumont, TX 77720-6030

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/4/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk